IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:07-CR-29 |
| BOBBY RAY McCLURE, JR., | ) | (Phillips / Guyton) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on Defendant Bobby Ray McClure's Motion for Specific Discovery [Doc. 18]. The government has filed a response at [Doc. 20]. The various discovery-related issues raised by the pretrial motions are addressed herein, a hearing being unnecessary to their disposition.

*1. Nature and Quantity of Narcotics*

Mr. McClure's first request asked that the government inform him of the type and amount of narcotics for which is he is alleged to be responsible. The government's response states that it will seek to hold Mr. McClure accountable for 4.1 grams of crack cocaine and 67.7 grams of crack cocaine. This information appears to answer defendant's request, accordingly further relief on this request is DENIED as moot.

### 2. Identity of Confidential Informant(s)

Mr. McClure asks that the United States disclose the names of the informants used in this case to produce the instant charges, and the number of such informants. Specifically, Mr. McClure asks for the identity of a person known as "CI # 464."

The government resists this request. The government responds that it is not required to disclose the identity of any confidential informants except to the extent provided by Roviaro v. United States, 353 U.S. 53 (1953), citing a number of Sixth Circuit cases to that effect.

The Court finds that Mr. McClure has not stated a basis upon which relief can be granted beyond the provisions of the Court's Order on Discovery and Scheduling, [Doc. 9], having made only a bare request for the identities. This request is DENIED.

### 3. Money Paid to Confidential Informants

Mr. McClure moves for disclosure of money paid to confidential informants in his case, to include law enforcement account records. The government responds with the information sought and has filed two exhibits entitled "Receipt for Payment to Informant" in support. The Court finds the request has been fulfilled and therefore the request is now moot and DENIED.

### 4. Statements of the Defendant

Mr. McClure asks that the United States disclose "any written, recorded or oral statements made by the defendant that are favorable to him." [Doc. 18 at p. 2]. The government responds that it knows of no statements of this nature except a comment, set forth as a quote in the response. [Doc. 20 at p. 4]. To the extent it has not already done so, the Court directs the government to disclose any written record of this oral statement, to include rough notes containing the substance of the statement, as previously ordered at [Doc. 9 , ¶ A (1)]. The Court concludes that the United States

has disclosed the information sought by Mr. McClure and his request is thereby moot and is DENIED.

### 5. *Criminal Record or Evidence of Bad Reputation*

Mr. McClure asks that the government disclose information as provided in this Court's Order on Discovery and Scheduling [Doc. 9, ¶ E]. Mr. McClure seeks "[t]he criminal record of any cooperating individuals or government witnesses and any evidence or information regarding their bad reputation. The government responds that it will comply with the Court's Order and The Jencks Act. The Court finds the parties agree this material is covered by the Order on Discovery and Scheduling [Doc. 9], and disclosure beyond that already so provided is DENIED.

### 6. *Giglio* Material

Mr. McClure moves for disclosure of information regarding the nature and substance of any agreement, immunity, or promise between any cooperating individual, informant or witness and the government, or an agent of the government pursuant to the authority of Giglio v. United States, 405 U.S. 150 (1972). The substance of this motion is addressed by the Court's Order on Discovery and Scheduling [Doc. 9, ¶ E]. The government responds that no such agreements exist, aside from the payments already detailed. The information sought having been disclosed, this request is now DENIED as moot.

For the reasons set forth herein, defendant's Motion for Specific Discovery **[Doc. 18]** is **DENIED.**

    **IT IS SO ORDERED**.

                                      ENTER:

                                      s/ H. Bruce Guton
                                    United States Magistrate Judge