UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-29 |
| | ) | |
| BOBBY RAY MCCLURE, JR., | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the defendant's *pro se* motion to review counsel [Doc. 63]. See 28 U.S.C. § 636(b). The parties appeared on March 4, 2009, for a hearing on the *pro se* motion. Assistant United States Attorney David P. Lewen appeared on behalf of the government. Attorney Jonathan S. Wood, appointed counsel for the defendant, was present as was the defendant.

In his motion, the defendant seeks to terminate the representation by Mr. Wood, because he believes that Mr. Wood is not acting in his best interest. He states that he and his family have not been able to talk with Mr. Wood. He would like the Court to appoint a new attorney for him. At the hearing, the government stated that Mr. Wood is the defendant's third attorney and that it was concerned about potential delay of the May 12, 2009 trial date from allowing the defendant to switch lawyers again.

The Court conducted a sealed, ex parte hearing with Defendant McClure and Mr. Wood in order to determine the extent of any problems between them. Without going into the

1

confidential and private nature of that discussion, the Court reluctantly concluded that good cause exists to relieve Mr. Wood of his representation and to appoint new counsel for the defendant. Based upon the statements of the defendant in his motion and in court, the Court concludes that the trust necessary for an adequate defense no longer exists in the attorney-client relationship and that the situation is unlikely to improve. Based upon good cause shown, the defendant's *pro se* motion to review counsel [**Doc. 63**] is **GRANTED**, and Mr. Wood is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. At the March 4 hearing, Attorney Russell T. Greene appeared and agreed to accept representation of the defendant. The Court therefore and hereby substitutes and appoints Mr. Greene under the Civil Justice Act (CJA) as counsel of record for Defendant McClure. The Court informed Attorney Greene of the May 12, 2009 trial date in this case. If upon reviewing the file, Mr. Greene determines that additional pretrial motions are warranted, he must move the Court for leave to file the motion and attach a copy of the motion that he is seeking to file. The Court encourages Mr. Greene to file any motions for leave to file expeditiously so that the trial date will not be jeopardized. Additionally, the Court asks that Mr. Greene inform the Court whether he seeks to pursue or withdraw the pending Motion to Re-Weigh Drug Evidence [Doc. 59] filed by former counsel.

Accordingly, it is ordered:

(1) The defendant's *pro se* motion to review counsel [**Doc. 63**] is **GRANTED**;

(2) Attorney Jonathan S. Wood is permitted to withdraw from

representation of the defendant; and

(3) Attorney Russell T. Greene is substituted as the defendant's counsel of record under the CJA.

**IT IS SO ORDERED.**

          ENTER:


          <u>  s/ H. Bruce Guyton  </u>
          United States Magistrate Judge

3