UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-29 |
| | ) | |
| BOBBY RAY MCCLURE, JR., | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the defendant's Motion to Re-weigh Drug Evidence [Doc. 67]. See 28 U.S.C. § 636(b). The defendant asks the Court to order the government to have a federal agency re-weigh the drug evidence in this case, pursuant to Rule 16(a)(1)(E), Federal Rules of Criminal Procedure. He asserts that the drug evidence in this case allegedly weighed 74.6 grams when inventoried at the Knoxville Police Department (KPD) and 67.7 grams after a forensic chemical analysis by the Tennessee Bureau of Investigation (TBI). The defendant maintains that the drug evidence has never been weighed by a federal agency and that the weight of the drug evidence is crucial to his evaluation of a plea offer. The government responds [Doc. 70] that the defendant fails to raise any "reasonable dispute" over the weight of the drugs and that the re-weighing of the drugs would be an unnecessary waste of resources.

Rule 16(a)(1)(E) provides in pertinent part that "[u]pon a defendant's request, the government must permit the defendant to inspect . . . tangible objects . . ., if the item is within the government's possession, custody, or control and: . . . (ii) the government intends to use the item

1

in its case-in-chief at trial[.]" Fed. R. Crim. P. 16(a)(1)(E)(ii). In the present case, the defendant is charged in Count 2 of the Superseding Indictment [Doc. 43] with distributing fifty grams or more of crack cocaine on January 22, 2007. The crack cocaine that the defendant seeks to re-weigh is a tangible object and is in the government's custody or control. Moreover, the Court assumes that the government intends to use the crack cocaine in its case-in-chief. Accordingly, the Court finds that the defendant is entitled to inspect the crack cocaine under Rule 16(a)(1)(E).

The defendant wants to subject the drug evidence in this case to scientific testing in the form of having the crack cocaine re-weighed. Relying on Kinnard v. United States, 313 F.3d 933 (6th Cir. 2002), the government argues that the defendant is not entitled to have the evidence re-weighed because he has failed to show that there is a "reasonable dispute" relating to the weight of the drugs. The government contends that the amount of crack cocaine (67.7 grams) in this case is not even close to the fifty-gram statutory cut-off in 21 U.S.C. § 841(b)(1)(A). In Kinnard, the defendant contended that he had received ineffective assistance of counsel because his attorney had failed to request that the crack cocaine, which weighed 50.3 grams at the time of his arrest, be re-weighed prior to sentencing. Id. at 935. The Court of Appeals relied upon the Second Circuit's holding in United States v. Garcia, 900 F.2d 571, 574 (2d Cir. 1990), that a district court does not abuse its discretion in refusing a defendant's request to re-weigh drug evidence prior to sentencing when the defendant does not raise a "'reasonable dispute'" over the drugs' weight. Kinnard, 313 F.3d at 935 (quoting Garcia). Moreover, the Court found that the fact that the initial weight of the drugs was "close to the line" was not sufficient to raise a reasonable dispute. Id. Accordingly, because the district court had no obligation to order the re-weighing of the drugs even if the defendant had challenged their weight, Kinnard's attorney was not ineffective for failing to have the

2

crack cocaine re-weighed. Id.

Because Defendant McClure seeks to have the drugs re-weighed in order to evaluate a plea offer, and therefore presumably to assess his sentencing exposure, the "reasonable dispute" test used in Kinnard and advanced by the government seems, at first blush, to apply to this case. Upon closer examination, though, the present case is clearly distinct from that in Kinnard. In Kinnard, the defendant apparently did not challenge the weight of the drugs at trial. Here, the defendant brings a pretrial discovery request relating to the inspection of tangible evidence in the government's control. The defendant would be entitled to a sample of the controlled substance to be used against him at trial for independent testing without any additional showing that his request to test the sample is reasonable. United States v. Noel, 708 F. Supp. 177, 178 (W.D. Tenn. 1989). The Court of Appeals for the Fifth Circuit has held that the ability to conduct an independent chemical analysis is part and parcel of the defendant's right to inspect tangible objects under Rule 16(a)(1)(E). United States v. Butler, 988 F.2d 537, 543 (5th Cir. 1993). Likewise, the Court finds that the defendant is entitled to discovery under Rule 16 and the "reasonable dispute" analysis in Kinnard does not apply in this particular pretrial context.

A North Carolina District Court has extended the holding in Butler to a case in which the defendant sought to have an independent expert re-weigh the drug evidence. United States v. Sanders, No. 1:08CR7, 2008 WL 1944237, at *1 (W.D.N.C. May 1, 2008). In Sanders, the defendant was charged with possession of more than five grams of cocaine with intent to distribute. Id. The drug evidence in question had been weighed twice by the government, and it weighed 23.5 grams when weighed by the arresting police department and 21 grams when weighed in a laboratory. Id. The defendant argued that if the drug evidence actually weighed less than twenty grams, he

would be subject to a lower sentencing range, which impacted his consideration of a plea offer. Id. In evaluating the defendant's request to have the drugs weighed a third time, the court observed that "'[f]undamental fairness is violated when a criminal defendant on trial for his liberty is denied the opportunity to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion.'" Id. (quoting Barnard v. Henderson, 514 F.2d 744, 746 (5th Cir.1975)). The court held that the government's conflicting weights revealed that the drug evidence was subject to "'varying expert opinion'" and that, as such, the defendant should be allowed to have his own expert re-weigh it. Id. at *2.

The Court finds the Sanders case to be persuasive. In the present case, the government's weighing of the drug evidence has also resulted in conflicting weights. Under Rule 16, the present defendant is also entitled to have his own independent expert weigh the drug evidence, subject to the safeguards imposed by the Court. The government's argument that the re-weighing of the evidence would be a waste of resources discounts the defendant's right to fundamental fairness in the proceedings. Accordingly, the defendant's Motion to Re-weigh Drug Evidence [**Doc. 67**] is **GRANTED**.

The Court will impose certain safeguards upon the re-weighing of the evidence in order to preserve its integrity. In Sanders, the defendant sought to have the cocaine re-weighed by either the SBI laboratory that had initially weighed it for the government or his own independent expert. Id. at 1. The North Carolina District Court ordered that the cocaine be re-weighed by the SBI laboratory in the presence of the defendant's expert so that the chain of custody would remain unbroken. Id. at 2. In the present case, Defendant McClure seeks to have the drug evidence

4

weighed by a federal agency. The Court **ORDERS** that the government may choose the forensic laboratory that performs the re-weighing, whether it be a federal agency or the T.B.I. Crime Laboratory, but the defendant is entitled to have an independent expert present for the weighing if he so chooses.

Finally, it is further **ORDERED** that such testing take place expeditiously so that the defendant's trial, currently scheduled for May 12, 2009, will not be delayed.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

5